JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY v.
FRANK YETKA.[1]

December 20, 1940.

No. 32,688.

*J. A. A. Burnquist,* Attorney General, and *Edward J. Devitt,*
Assistant Attorney General, for appellant.

*Byron K. Elliott, Harold J. Taylor,* and *Snyder, Gale & Richards,* for respondent.

[1]Reported in 295 N. W. 409.

STONE, JUSTICE.

The declaratory judgment under review is that defendant insurance commissioner was "without legal justification or authority" in disapproving the form of single premium life insurance policies which plaintiff insists it has the right to issue in this state.

By the policy forms in question, plaintiff reserves "a decreasing surrender charge having a maximum at the end of the first policy year of not more than three and one-half per cent of the face amount of the policy, and for the fifth and subsequent policy years the surrender value will be the policy reserve."

Defendant's disapproval is based upon his conclusion that 1 Mason Minn. St. 1927, § 3402(7), prohibits a surrender charge of "more than two and one-half per centum of the amount insured by the policy, and of any dividend additions thereto." The question is one of statutory construction, the answer to which below we consider erroneous for reasons now to be stated.

■ The reservation in single premium life policies of a surrender charge, after any period, of three and one-half per centum, with a similar charge for all other life policies of only two and one-half per centum, would be an obvious and indefensible discrimination against holders of single premium policies because they pay in advance for the whole of their insurance. Discrimination, if any, should be in their favor for obvious reasons of fairness. But all discriminations of that kind are expressly prohibited by 1 Mason Minn. St. 1927, §§ 3376 and 3377. That prohibition reaches not only rates, premiums, and dividends but also "benefits of any kind." Lommen v. Modern L. Ins. Co. 206 Minn. 608, 615, 289 N. W. 582.

In order to justify discrimination against single premium policies, we must find statutory authorization for it. All statutes concerning life insurance are *in pari materia* and to be construed together in an effort, if possible, to make them work harmoniously, to effectuate their declared policy, and achieve their purposes.

■ Section 3402 declares, at the outset, that "no policy of life insurance in form other than as provided in section 2 * * *

shall be issued in this state or be issued by a life insurance company organized under the laws of this state unless the same shall contain the following provisions."

The reference to "section 2" is to the standard policy forms which are permissive rather than mandatory. Plaintiff's forms now in question are not in all respects standard, so they must contain the "provisions" of § 3402, unless permission can be found for their exclusion. Such permission is sought in the concluding paragraph of § 3402, which reads:

"Any of the foregoing provisions *or portions thereof* relating to premiums and *not* applicable to single premium policies, shall to that extent not be incorporated therein." (Italics supplied.)

Surely the idea so expressed was that some of the "foregoing provisions" might in part relate and in part not relate to premiums; that in part they would be applicable, and in part not applicable to single premium policies. So any "portion" not relating to premiums, or applicable to single premium contracts, is to be included in the latter.

Subdivisions (7) and (8) of § 3402 require that the loan or surrender charge be not more than two and one-half per centum of the amount insured by the policy, and of any dividend additions thereto. Subdivision (7) requires "that after three full years' premiums have been paid" there shall be provision for stated privileges of the insured in respect to policy loans.

We cannot hold that, in the sense of the exclusionary language of the concluding paragraph of § 3402, subd. (7) relates to premiums and is "not applicable to single premium policies." True, application of subd. (7) is conditioned upon the payment of three full years' premiums. Such a condition precedent to application of the statute does not define its subject matter, which ordinarily is discovered from the context. Beyond that, under single premium policies, premiums are paid in advance for the whole life of the policy, which normally is much more than three years. The decisive point is that the subject matter of subd. (7) is, as indi-

cated, not premiums at all but the rights of the insured in respect to policy loans.

Plaintiff's effort to find support for its position in the nonforfeiture mandates of § 3392 is futile. Here, again, the condition of its application is "default in payment of any premium * * * provided not less than three full years' premiums shall have been paid." Its subject matter, as distinguished from the condition precedent to its application, is automatic extended insurance, plus the right of the insured to surrender the policy within one month after default in exchange for its cash value. There can be no default in the payment of premiums under a single premium policy. So, there can be no extended insurance in case of default. To that extent, by reason of its subject matter, § 3392 does not apply to single premium policies. In subd. (7) of § 3402 we find a determinative difference. Its provisions in respect to loan charges do apply to single premium policies, just as plainly and for the same purposes of protection to the policyholders as they apply to ordinary life policies. It is only to the "extent" that they relate to premiums and are "not applicable to single premium policies" that they need not be included therein.

Of course, as plaintiff argues, a single premium policy "is not forfeitable for nonpayment of a premium for no further premiums are payable." For that very reason, the insured is more entitled to the privilege of a loan on the policy, or to surrender it for cash, than the holder of an annual payment contract after only three years' premiums are paid. It is inconceivable that the legislature could have thought otherwise.

Section 3400 evidences the same policy. It permits "single premium policies" in any standard form, "omitting therefrom provisions or portions thereof applicable only to other than single premium policies."

Statutes aside, and in the very nature of the case, a limit to loan and surrender charges does not relate to premiums. And it is "applicable to single premium policies" as much so as to annual.

So, we are constrained to hold that the statute not only author-

ized but compelled defendant to disapprove the policy forms in question. In exacting a surrender charge of more than the statutory maximum of two and one-half per centum, they are in violation of law. In consequence, the judgment must be, and is reversed.

Reversed.

MR. JUSTICE PETERSON took no part.